IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDGAR EDUARDO CADILLO SALAZAR,<br><br>                Petitioner,<br><br>vs.<br><br>KRISTI NOEM, Secretary, Department of Homeland Security, et al.,<br><br>                Respondents. | 8:26-CV-44<br><br>MEMORANDUM AND ORDER |

       This matter is before the Court on the petitioner's motion for reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Filing 11. The motion will be granted.

       The EAJA requires a court to award fees, costs, and other expenses to a prevailing party in proceedings brought against the federal government, unless the position of the government was substantially justified or special circumstances make an award unjust. § 2412(d)(1)(A). The parties agree that the petitioner is the prevailing party for purposes of the statute. *See* § 2412(d)(2)(H); *Michelin v. Warden Moshannon Valley Corr. Ctr.,* Nos. 24-2990, 24-3198, 2026 WL 263483, at *1-2 (3d Cir. 2026). The government argues its position was substantially justified.

       The federal government carries the burden of proving its position, including the action by the agency upon which the civil action was based, *see* § 2412(d)(2)(D), was substantially justified. *United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012). The EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items." *Id.* (quoting *Comm'r v. Jean*, 496 U.S. 154, 161-62 (1990)).

The government asserts it was justified because the arguments it presented in this case were the same arguments a handful of other judges, including a divided Court of Appeals panel, have upheld. *See* filing 12 at 1-2; *Buenostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026). But the Court is not persuaded that the underlying conduct of the agency was substantially justified.

As explained in the Court's order in *Velasco Hurtado v. Bondi*, the Department of Homeland Security abruptly "revised" its longstanding agency practice last July. No. 0:26-cv-546, 2026 WL 184884, at *2 (D. Minn. Jan. 24, 2026) (citing Memorandum from Rodney S. Scott, Comm'r of U.S. Customs & Border Prot., Detention of Applicants for Admission (July 10, 2025) (https://www.cbp.gov/document/foia-record/detention-applicants-admission) [https://perma.cc/56W9-TNPW]; *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025)). This "new understanding" of a decades-old statute has resulted in the government detaining hundreds of thousands of nonviolent individuals, often without due process or other constitutional protections. It has also sparked *thousands* of lawsuits where courts have ordered release of those wrongfully detained, for which neither immigration courts nor the Department of Justice have seemed prepared.

The government has not provided any justification, let alone a substantial one, for its radical departure from the historical treatment of noncitizens who entered the United States without inspection. Its arguments rely purely on statutory interpretation; the government apparently expects it can transform an entire area of administrative law because it unilaterally decided that, for thirty years, everyone was wrong about what a statute meant.

The Supreme Court has repeatedly rejected ahistorical and strained readings of old statutes to justify expansive executive power. *E.g., Learning Res., Inc. v. Trump*, Nos. 24-1287 and 25-250, 2026 WL 477534, at *9 (Feb. 20,

2

2026); *Ala. Ass'n of Realtors v. Dep't of Health and Hum. Servs.*, 594 U.S. 758, 761 (2021); *see also Nat'l Fed'n of Indep. Bus. v. Dep't of Lab.*; 595 U.S. 109, 119 (2022); *Trump v. J.G.G.*, 604 U.S. 670, 676 (2005) (Sotomayor, J., dissenting). So too does this Court. While the U.S. Attorneys are likely acting in good faith to defend the government's actions, the Court is not persuaded that the government was substantially justified in dramatically changing its policy so as to justify mandatory detention and deny noncitizens process due under § 1226(a).

The Court determined that the government's interpretation of 8 U.S.C. § 1225 was contrary to the statute's plain text, historical interpretation and enforcement, and basic canons of statutory construction. *See Velasco Hurtado*, 2026 WL 184884, at *3-5. That supports a finding that the government was not substantially justified in enforcing its novel interpretation of § 1225. *Mairena-Munguia v. Arnott*, No. 6:25-cv-3318, 2025 WL 3229132, at *5 (W.D. Mo. Nov. 19, 2025). Because the underlying agency action upon which this civil action was based was not substantially justified, the petitioner is entitled to reasonable fees, costs, and other expenses. *See* § 2412(d)(1)(A).

The government did not address the reasonableness or evidentiary sufficiency of the petitioner's requested award. *See* filing 12. The Court has carefully considered the petitioner's motion and evidence of expenses, fees, and costs incurred, and finds that the requested $1,535.23 is a reasonable award. *See* § 2412(d)(1)(C); filing 11 at 4. Accordingly,

IT IS ORDERED:

1. The petitioner's motion for attorneys' fees and expenses under the EAJA (filing 11) is granted.

2. By separate document, the Court shall enter judgment for the plaintiff and against the defendant providing that the plaintiff is awarded attorney fees and costs of $1,535.23.

Dated this 3rd day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge